**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                                              |   |                                         |
|----------------------------------------------|---|-----------------------------------------|
| AMAZING LASH FRANCHISE, LLC,                 | : |                                         |
|                                              | : | **Civil Action No. 23-1224 (JXN) (JBC)** |
| Plaintiff,                                   | : |                                         |
|                                              | : |                                         |
| v.                                           | : |                                         |
|                                              | : | **OPINION**                             |
|                                              | : |                                         |
| AMAZING LASH STUDIO, INC., and               | : |                                         |
| LASH CAFÉ LLC,                               | : |                                         |
|                                              | : |                                         |
| Defendants.                                  | : |                                         |
|                                              | : |                                         |

**NEALS**, District Judge:

This matter comes before the Court on Defendants Amazing Lash Studio, Inc. ("Amazing Studio") and Lash Café LLC's ("Lash Café") (together, the "Defendants") motion to dismiss Plaintiff Amazing Lash Franchise, LLC's ("Plaintiff") complaint (ECF No. 1) (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 15). Jurisdiction is proper pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motion to dismiss (ECF No. 15) is **DENIED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY[1]

On March 2, 2023, Plaintiff filed the three-count Complaint alleging that Lauren Totaro ("Totaro") and four "other individuals . . . resigned from" a "franchisee of the ALF Franchise System . . . to open and/or work at a competing eyelash studio . . . ." (Compl. ¶¶ 19-20).

---

[1] The following factual allegations are taken from the Amended Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).

Defendants then filed a "Certificate of Incorporation," that "uses [Plaintiff's] registered trademark, [which] constitutes unfair competition[,]" under the Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"). (*Id.* ¶ 26). Further, that Defendants' "improper and unauthorized use of" Plaintiff's trademarks, "is likely to confuse customers and/or cause customers to believe that Lash Café is sponsored or otherwise affiliated with" Plaintiff. (*Id.* ¶ 32). In addition to the Lanham Act claim, Plaintiff alleges causes of action under New Jersey's Unfair Competition Act, N.J.S.A. 56:4-1, *et seq.,* (the "Unfair Competition Act") and the common law.

On April 22, 2023, Defendants filed the instant motion to dismiss. On April 24, 2023, Plaintiff filed opposition (ECF No. 16). Defendants did not reply. This matter is ripe for consideration.

## II.    **LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted).

To determine whether a complaint is sufficient, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[] veracity"

of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement

for relief." *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted).

## III.  DISCUSSION

### A.    The Motion to Dismiss is Procedurally Deficient

Defendants claim that a brief is not necessary under Local Civil Rule 7.1(d)(4).  (ECF No.

15-1 at 2[2]).  In reviewing the parties' submissions, the motion to dismiss is deficient because it

relies on an improper certification (*see* Totaro's March 29, 2023 Certification (ECF No. 15-2) (the

"Totaro Certification"))[3] and requires a brief.

Local Civil Rule 7.1(d)(2) calls for a brief to be submitted in support of a motion.  Failure

to do so "is grounds [] to deny" the motion.  *Byers v. N.J. AG*, 2020 U.S. Dist. LEXIS 4951, at *3

(D.N.J. Jan. 10, 2020) (citation omitted).  "In lieu of filing a[] brief[,]" however, a "party may file

a statement that no brief is necessary and the reasons therefor."  L. Civ. R. 7.1(d)(4).  Defendants

assert that a brief is unnecessary "because the supporting certification inextricably relies upon the

applicable substantive laws to form its factual basis," (ECF No. 15-1 at 2) and that a "separate

brief would be redundant and superfluous."  (ECF No. 15-1 at 2).  The Court disagrees.

The Totaro Certification is replete with citations to caselaw and contains factual and legal

arguments, despite the Local Rules' prohibition against such insertions.  Local Civil Rule 7.2(a)

states: "Affidavits, declarations, certifications[,] and other documents of the type referenced in 28

U.S.C. § 1746 shall be restricted to statements of fact within the personal knowledge of the

signatory. Argument of the facts and the law shall not be contained in such documents . . . [They]

will be disregarded by the Court and may subject the signatory to appropriate censure, sanction,

or both."  *See also Yang v. Taiji Oriental Spa NJ Corp.,* No. 22-1617, 2023 WL 425850, at *2

---

[2] The Court refers to the ECF page numbers.
[3] Totaro serves as a party corporate representative and is not an attorney.

(D.N.J. Jan. 9, 2023), *report and recommendation adopted,* No. 22-1617, 2023 WL 424348 (D.N.J. Jan. 26, 2023).  In other words, the Totaro Certification must be limited to "statements of fact within the personal knowledge of" Totaro.  28 U.S.C. § 1746; L. Civ. R. 7.2(a).  It also must not include "[a]rgument of the facts and the law . . . ."  L. Civ. R. 7.2(a).  Regardless, there are numerous assertions of fact that do not appear to be based on Totaro's personal knowledge, as well as legal arguments that should have been raised in a brief.  *See, gen.,* Totaro Cert.  "Accordingly, the Court would be within its discretion to strike the" Totaro Certification "or, at a minimum, disregard the arguments contained therein."  *Yang,* 2023 WL 425850, at *2 (citation omitted).

　　　"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record."  *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citation and internal brackets omitted).  A "district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings" unless they are "*integral to or explicitly relied* upon in the complaint . . . ."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted).  Here, the Totaro Certification was neither attached to the Complaint nor is a matter of public record.  Instead, the Totaro Certification appears to be a "matter extraneous to the Complaint" that is not "*integral to or explicitly relied* upon in the [C]omplaint . . . ."  *Id.* at 1426 (citations omitted).  Thus, it cannot be considered "without converting the motion to dismiss into one for summary judgment."  *Id.* at 1426 (citation and internal quotations and brackets omitted).  Thus, the Court declines to consider the Totaro Certification because it violates the Local Civil Rules and finds no other grounds to convert the motion into one for summary judgment at this early stage of litigation.

　　　Plaintiff contends that permitting Defendants to now "file a brief addressing the legal issues they chose to ignore in their moving papers[,]" is inappropriate.  (ECF No. 20 at 2).  *See Ware*

*Indus. v. St. Paul Fire & Marine Ins. Co.*, 2019 U.S. Dist. LEXIS 57399, at *6 (D.N.J. Apr. 3, 2019) ("Courts have not hesitated to enforce the directives of" Local Civil Rule 7.2) (citation and internal quotations omitted). The Court agrees.

Instead of denying the motion on these procedural defects (*see Facta Health, Inc. v. Pharmadent,* LLC, 2020 U.S. Dist. LEXIS 186892, at *14 n.4 (D.N.J. Oct. 8, 2020)), the Court will exercise its discretion and review the sufficiency of the Complaint under Federal Rule of Civil Procedure 12(b)(6) based on the parties' current submissions. *See Kamienski v. AG of New Jersey*, 2015 U.S. Dist. LEXIS 74122, at *6 n.5 (D.N.J. June 9, 2015) ("Notwithstanding Defendants' lack of compliance with the Local Civil Rules, in the interests of justice and efficiency, the Court will decide Defendants' Motion on the merits."). In so doing, the Complaint survives. Indeed, Plaintiff's claims sound in unfair competition and trademark infringement that "require the Court's careful analysis of the relevant facts and law . . . ." *Kitchen & Assocs. Servs. v. Haven Campus Cmtys.*, 2022 U.S. Dist. LEXIS 36488, at *2 (D.N.J. Mar. 2, 2022) (citation omitted).

### B. The Complaint States Plausible Claims Against Defendants

"It is well established that the elements for an unfair competition claim under the New Jersey Unfair Competition law and the common law are identical to those under the Lanham Act." *Meenaxi Enterprise, Inc. v. Shakti Grp. USA LLC*, No. 22-7383, 2023 WL 7181433, at *6 (D.N.J. Nov. 1, 2023). As Plaintiff correctly notes, the claims "require the same analysis." (Opp. at 16) (citation and internal quotations omitted). If a court determines that a plaintiff "has adequately pled its infringement claims under the Lanham Act," the plaintiff "has likewise pled infringement claims under the New Jersey Unfair Competition Law and common law." *Id.* at *6. To state a claim for trademark infringement and/or unfair competition, a plaintiff must allege that: "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark

to identify goods or services causes a likelihood of confusion." (*Id.* at *5) (citation and internal quotations omitted). Here, Plaintiff has sufficiently alleged a claim under the Lanham Act and consequently, under the Unfair Competition Act and common law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief).

In the Complaint, Plaintiff alleges that it "is the owner of the federal trademark registrations" that were "issued on the Principal Register of the Patent and Trademark Office for the goods and services identified" in the table below:

| MARKS | APPLICATION/ REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| AMAZING *lash* STUDIO | 5367258 | Adhesives for affixing false eyelashes; Artificial eyelashes; Cosmetic pads; Eye liner; Eyebrow gel; Facial washes; Gel for removing synthetic eyelash glue; Make-up primer; Mascara; Wipes impregnated with a skin cleanser; Sealer coatings for use in eyelash extension. |
| AMAZING LASH STUDIO | 5367257 | Cosmetic pads; Eye liner; Eyebrow gel; Facial washes; Gel for removing synthetic eyelash glue; Mascara; Wipes impregnated with a skin cleanser; Adhesives for affixing false eyelashes; Artificial eyelashes; Make-up primer; Sealer coatings for use in eyelash extension. |
| AMAZING *lash* STUDIO | 4641347 | Salon services, namely, artificial eyelash extension application services. |
| AMAZING LASH STUDIO | 4357724 | Salon services, namely, artificial eyelash extension application services. |

6

(Compl. ¶ 13; *see also* Ex. A).

These trademarks are also "valid and legally protectable . . . ." (*Id.* ¶ 35). Though the Complaint does not state how long Plaintiff has owned the trademarks, it alleges it has used them "continuously in United States commerce . . . ." (*Id.* ¶ 14). At the pleading stage, these allegations sufficiently allege the first two elements of a claim. *See Meenaxi Enterprise, Inc.*, 2023 WL 7181433, at *5 (Claim elements are established by showing in part that "the mark has been registered[,] has been in continuous use for five consecutive years, and there has been no adverse decision concerning the registrant's ownership or right to registration.") (citation and internal quotations omitted).

As to the third and final element—likelihood of confusion—the Complaint alleges that Defendants "formed" Amazing Studio, a competing business, and registered "alternate names" with the New Jersey Department of the Treasury Division of Revenue and Enterprise Services. (Compl. ¶¶ 23-24; *see also* Exs. B-C). Specifically, Defendants registered: (1) "Amazing Lash Studio, Rockaway[;]" (2) "Amazing Lash Studio Rockaway[;]" (3) Dragonfli Associates[;]" (4) "Amazing Lash Studio[;]" and (5) "Amazing Lash Studio-Rockaway[.]" (Compl. ¶ 23). Here, four of five of the registered "alternate names" contain the terms "Amazing Lash Studio[,]" which mirror Plaintiff's registered marks, and may likely lead to confusion among consumers.

In further support, Plaintiff cites *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 215 (3d Cir. 2000), which identifies factors used to determine whether a trademark is likely to cause confusion. (Opp. at 18-19). In *A & H Sportswear, Inc.*, the Third Circuit held that a "district court should utilize the factors that seem appropriate to a given situation." *Id.* at 215. Here, Plaintiffs' allegations trigger, at minimum, Factor One, "the degree of similarity between the owner's mark and the alleged infringing mark;" Factor Five, the "intent of the

defendant in adopting the mark;" and Factor Seven, "whether the goods, competing or not competing, are marketed through the same channels of trade and advertised through the same media," which the Court deems relevant and which favor Plaintiff.  *Id.* at 215.

The Complaint alleges that Defendants "are operating a competitive business in the same market as" Plaintiff and "using the Amazing Lash Studio® name and [Plaintiff's]" trademarks. (*Id.* at ¶ 36).  This was allegedly done by Defendants "registering alternate names that incorporate Amazing Lash Studio."  (*Id.* at ¶ 38) (internal quotations omitted).  Further, that Defendants' "improper and unauthorized use of" Plaintiff's trademarks "in connection with" Lash Café "that provides artificial eyelash extension application services[,] is likely to confuse customers and/or cause customers to believe that Lash Café is sponsored or otherwise affiliated with" Plaintiff.  (*Id.* ¶ 32).  These allegations are sufficient.

The Third Circuit has further held that "courts need rarely look beyond the mark itself in cases involving competing goods . . . ."  *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 709 (3d Cir. 2004) (citation and internal quotations omitted).  This is particularity true where, like here, "the trademark owner and the alleged infringer are in direct competition . . . ."  *Poly-Wood, LLC v. Discount Furniture Place, Inc.*, No. 23-1360, 2023 WK 5499897, at *3 (D.N.J. Aug. 24, 2023) (citation omitted).  Thus, in considering the allegations and relevant tests, the Complaint pleads all three plausible causes of action.  And, therefore, the motion to dismiss is denied.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 15) is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: 2/15/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge